IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADIDAS AG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| UNDER ARMOUR, INC. and | ) | **JURY TRIAL DEMANDED** |
| MAPMYFITNESS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff adidas AG ("Plaintiff" or "adidas") alleges as follows:

## NATURE OF ACTION

1.      This is an action under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, for infringement by Defendants Under Armour, Inc. ("Under Armour" or "UA") and MapMyFitness, Inc. ("MapMyFitness" or "MMF") (collectively, "Defendants") of patents owned by adidas.

## THE PARTIES

2.      Plaintiff adidas is a corporation organized under the laws of the Federal Republic of Germany, with its principal place of business at Adi-Dassler-Strasse 1, 91074 Herzogenaurach, Germany.

3.      Defendant Under Armour is a corporation organized under the laws of the State of Maryland with its principal place of business in the United States located at 1020 Hull Street, Baltimore, Maryland 21230.

4.     Defendant MapMyFitness is a corporation organized under the laws of Delaware, with its principal place of business at 522 East 6th Street, Austin, Texas 78701 and is a wholly owned subsidiary of Under Armour.

## JURISDICTION AND VENUE

5.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     Defendant MapMyFitness's registered agent in Delaware is The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

7.     Defendant Under Armour conducts substantial business in the state of Delaware, including (1) committing at least a portion of the infringing acts alleged herein and (2) regularly transacting business, soliciting business, and deriving revenue from the sale of goods and services, including infringing goods and services, to individuals in the state of Delaware. Thus, Defendant Under Armour has purposefully availed itself of the benefits of the state of Delaware, and the exercise of jurisdiction over Defendant Under Armour would not offend traditional notions of fair play and substantial justice.

8.     Defendant MapMyFitness conducts substantial business in the state of Delaware, including (1) committing at least a portion of the infringing acts alleged herein and (2) regularly transacting business, soliciting business, and deriving revenue from the sale of goods and services, including infringing goods and services, to individuals in the state of Delaware. Thus, Defendant MapMyFitness has purposefully availed itself of the benefits of the state of Delaware, and the exercise of jurisdiction over Defendant MapMyFitness would not offend traditional notions of fair play and substantial justice.

9.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

## THE PATENTS

10.      adidas is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,292,867 ("the '867 patent"), including the right to sue for past damages.  The '867 patent was duly and legally issued by the United States Patent and Trademark Office on November 6, 2007, is active, and is entitled "Location-aware fitness training device, methods, and program products that support real-time interactive communication and automated route generation."  A true and correct copy of the '867 patent is attached hereto as Exhibit A.

11.      adidas is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,805,149 ("the '149 patent"), including the right to sue for past damages.  The '149 patent was duly and legally issued by the United States Patent and Trademark Office on September 28, 2010, is active, and is entitled "Location-aware fitness training device, methods, and program products that support real-time interactive communication and automated route generation."  A true and correct copy of the '149 patent is attached hereto as Exhibit B.

12.      adidas is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,941,160 ("the '160 patent"), including the right to sue for past damages.  The '160 patent was duly and legally issued by the United States Patent and Trademark Office on May 10, 2011, is active, and is entitled "Location-aware fitness training device, methods, and program products that support real-time interactive communication and automated route generation."  A true and correct copy of the '160 patent is attached hereto as Exhibit C.

13.      adidas is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,957,752 ("the '752 patent"), including the right to sue for past damages.  The '752 patent was duly and legally issued by the United States Patent and Trademark Office on

June 7, 2011, is active, and is entitled "Location-aware fitness training device, methods, and program products that support real-time interactive communication and automated route generation." A true and correct copy of the '752 patent is attached hereto as Exhibit D.

14.    adidas is the owner by assignment of all right, title, and interest in and to United States Patent No. 8,068,858 ("the '858 patent"), including the right to sue for past damages. The '858 patent was duly and legally issued by the United States Patent and Trademark Office on November 29, 2011, is active, and is entitled "Methods and computer program products for providing information about a user during a physical activity." A true and correct copy of the '858 patent is attached hereto as Exhibit E.

15.    adidas is the owner by assignment of all right, title, and interest in and to United States Patent No. 8,244,226 ("the '226 patent"), including the right to sue for past damages. The '226 patent was duly and legally issued by the United States Patent and Trademark Office on August 14, 2012, is active, and is entitled "Systems and methods for presenting characteristics associated with a physical activity route." A true and correct copy of the '226 patent is attached hereto as Exhibit F.

16.    adidas is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,905,815 ("the '815 patent"), including the right to sue for past damages. The '815 patent was duly and legally issued by the United States Patent and Trademark Office on March 15, 2011, is active, and is entitled "Personal data collection systems and methods." A true and correct copy of the '815 patent is attached hereto as Exhibit G.

17.    adidas is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,931,562 ("the '562 patent"), including the right to sue for past damages. The '562 patent was duly and legally issued by the United States Patent and Trademark Office on

April 26, 2011, is active, and is entitled "Mobile Data Logging Systems and Methods." A true and correct copy of the '562 patent is attached hereto as Exhibit H.

18.     adidas is the owner by assignment of all right, title, and interest in and to United States Patent No. 8,092,345 ("the '345 patent"), including the right to sue for past damages. The '345 patent was duly and legally issued by the United States Patent and Trademark Office on January 10, 2012, is active, and is entitled "Systems and Methods for a Portable Electronic Journal." A true and correct copy of the '345 patent is attached hereto as Exhibit I.

19.     adidas is the owner by assignment of all right, title, and interest in and to United States Patent No. 8,579, 767 ("the '767 patent"), including the right to sue for past damages. The '767 patent was duly and legally issued by the United States Patent and Trademark Office on November 12, 2013, is active, and is entitled "Performance Monitoring Apparatuses, Methods, and Computer Program Products." A true and correct copy of the '767 patent is attached hereto as Exhibit J.

<u>**GENERAL ALLEGATIONS**</u>

20.     Defendant Under Armour makes, uses, imports, sells, or offers for sale mobile systems, software, devices, or methods for collecting personal data, including at least the Armour39™ product, peripherals and/or associated devices such as the Armour39™ module, Armour39™ chest strap, Armour39™ watch, supporting software and mobile app, and their respective desktop and/or server software and interfaces (collectively, the "UA Accused Products") together with related services (the "UA Accused Services").

21.     The UA Accused Products and Services include software for use on a mobile device.

22.     The UA Accused Products and Services, in conjunction with related products, include the capability to record, store, transmit, and/or receive personal data.

23.     The UA Accused Products and Services, in conjunction with related products and services, include the capability to record, store, transmit, receive, determine, and/or display personal data, including athletic performance information, of at least one user of the UA Accused Products and Services.

24.     The UA Accused Products and Services, in conjunction with related products, include the ability to record and/or store media, including text data.

25.     The UA Accused Products and Services comprise multiple devices including for example, multiple sensors, modules, mobile phone systems, and related software.

26.     Defendant MapMyFitness makes, uses, imports, sells, or offers for sale mobile systems, software, or methods for detecting, evaluating, or analyzing movement of a body or determining performance information, including at least the MapMyFitness, MapMyWalk, MapMyHike, MapMyRun, MapMyRide, and MapMyDogwalk mobile applications, their respective desktop and server software and interfaces, and associated products including but not limited to the MapMyFitness Heart Rate Monitor  (collectively, the "MMF Accused Products"), together with related services (the "MMF Accused Services").

27.     The MMF Accused Products and Services include software for use on a mobile device with a global positioning system (GPS) receiver.

28.     The MMF Accused Products and Services include software and interfaces on one or more servers that are owned, operated, placed into service, or otherwise controlled by Defendant MapMyFitness.

29.     Each of the MMF Accused Products and Services include the capability to receive and store information regarding users, including but not limited to location information at a plurality of waypoints.

30.     The MMF Accused Products and Services also include the capability to measure, capture, determine, store, display, transmit, and/or receive other information, including but not limited to athletic performance information based at least in part on user location at the waypoints.

31.     The MMF Accused Products and Services transmit data obtained during a user fitness activity wirelessly.   The MMF Accused Products and Services transmit such data wirelessly to a server.

32.     At least one of the MMF Accused Products and/or Services permits users to assign ratings to and/or annotate fitness routes.

33.     At least one of the MMF Accused Products and/or Services includes receiving data from another device, for example a heart rate monitor, and associating data from such device with other information regarding a fitness activity.   The MMF Accused Products and Services also may receive data from a plurality of other devices, including but not limited to a stride sensor, cadence sensor, or power measuring sensor.

34.     The MMF Accused Products and/or Services are especially designed, adapted, or configured to operate as described in paragraphs 26-33 of this Complaint.

35.     Under Armour was aware of adidas patents related to tracking athletic performance, including many of the patents asserted in this Complaint.

36.     Under Armour's Director of Innovation and Research was a Senior Innovation Engineering Manager of adidas with direct knowledge adidas' patent portfolio.   Accordingly

Under Armour, by and through its Director of Innovation and Research, has direct knowledge of adidas' patent portfolio, including the patents asserted in this Complaint.

37.     At the time of the acquisition of MapMyFitness, Under Armour stated "As part of the collaboration, Under Armour will add depth to its digital capability, offering athletes an elevated training experience through new digital products and platforms."  Under Armour's acquisition of MapMyFitness, is driven in part by Under Armour's desire to integrate various digital products, including Under Armour digital products, with the MapMyFitness Accused Products and Services:

> This partnership is about Under Armour enhancing our digital expertise to drive the future of performance innovation for the global athlete community," said Kevin Plank, Founder and CEO of Under Armour. "We will build on the community of over 20 million registered users that MapMyFitness has cultivated in the connected fitness space, and together we will serve as a destination for the measurement and analytics needs of all athletes. Innovation has always been at the core of our company, and now we are better positioned to design open, digital products for the athlete of tomorrow and become more proactive in providing solutions that will help people across the world lead healthier lifestyles.[1]

38.     Moreover, Mr. Robin Thurston, MapMyFitness Co-Founder and CEO has similarly expressed the intention to integrate the UA Accused Products and Services with MMF Accused Products and Services:

> MapMyFitness has engaged and built a global community, making advanced training tools more accessible through our web and mobile platforms. The combination of Under Armour's powerful commitment to athletes and innovation and our connected fitness technology allows us to better serve the needs of athletes around the world.[2]

---

[1] *See*, http://www.uabiz.com/releasedetail.cfm?ReleaseID=807138 (last visited Feb. 2, 2014).
[2] *Id*.

39.     Upon information and belief, Under Armour and MapMyFitness communicated about relevant industry patent rights.   As a result of such communications, MapMyFitness provided certain indemnifications and warranties to Under Armour.   Upon information and belief, consistent with the announced intentions of Under Armour and MapMyFitness, after Under Armour's acquisition of MapMyFitness, Under Armour's Director of Innovation and Research participated on behalf of Under Armour in integrating MapMyFitness into Under Armour.

40.     Accordingly, both Under Armour and MapMyFitness either had knowledge of or gained knowledge of the patents asserted in this Complaint.

41.     Upon information and belief, Under Armour and MapMyFitness have acted in concert in the fitness technology marketplace, with Under Armour supporting and encouraging MapMyFitness's     activities.     (*See*,     http://about.mapmyfitness.com/2013/11/underarmour (describing the "partnership" between Under Armour and MapMyFitness)).

## COUNT I
### (Infringement of United States Patent No.  7,905,815 by Under Armour)

42.     adidas realleges and incorporates herein by reference the allegations set forth in paragraphs 1-41 of this Complaint.

43.     Defendant Under Armour directly infringes, literally or under the doctrine of equivalents, one or more claims of the '815 patent by, without authority, making, using, importing, selling, or offering to sell the UA Accused Products and Services within the United States, in violation of 35 U.S.C. § 271(a).

44.     Defendant UA has known of the '815 patent, as well as the fact that its customers use the UA Accused Products and Services in a manner that infringes one or more claims of the

'815 patent, in accordance with the allegations set forth in paragraphs 35-41 at least since the date of service of this Complaint.

45.     Defendant UA indirectly infringes the '815 patent within the United States by inducement under 35 U.S.C. § 271(b). Since learning of the '815 patent and by failing to cease offering the UA Accused Products and Accused Services, Defendant Under Armour has knowingly and intentionally induced users of the UA Accused Products and Services to directly infringe one or more claims of the '815 patent.  It does so, *inter alia,* by (1) providing instructions or information, for example on its publicly available websites (*See, e.g.*, http://www.underarmour.com/shop/us/en/armour39/faqsandspecs), to explain how to use the UA Accused Products and Services in an infringing manner, including the use of the UA Accused Products and Services in manners described in paragraphs 20-25 above, which are expressly incorporated herein; and (2) touting these infringing uses of the UA Accused Products and Services in advertisements including but not limited to those on its websites and other mobile app marketplace websites.

46.     Defendant Under Armour indirectly infringes the '815 patent by contributing to the direct infringement of end users under 35 U.S.C. § 271(c) by providing the UA Accused Products and Services, which, as evidenced by Defendant Under Armour's websites and advertisements (*See, e.g.*, http://www.underarmour.com/shop/us/en/armour39/faqsandspecs), are especially made for use in a manner infringing one or more claims of the '815 patent as described in paragraphs 20-25 above and have no substantial non-infringing uses.

47.     adidas has been and continues to be injured by Defendant Under Armour's infringement of the '815 patent.  adidas is entitled to recover damages adequate to compensate it

for Defendant Under Armour's infringing activities in an amount to be determined at trial but in no event less than a reasonable royalty.

48.     Unless enjoined by this Court, Defendant Under Armour's acts of infringement will continue to damage adidas irreparably.

## COUNT II
### (Infringement of United States Patent No.  7,931,562 by Under Armour)

49.     adidas realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-48 of this Complaint.

50.     Defendant Under Armour directly infringes, literally or under the doctrine of equivalents, one or more claims of the '562 patent by, without authority, making, using, importing, selling, or offering to sell the UA Accused Products and Services within the United States, in violation of 35 U.S.C. § 271(a).

51.     Defendant UA has known of the '562 patent, as well as the fact that its customers use the UA Accused Products and Services in a manner that infringes one or more claims of the '562 patent, in accordance with the allegations set forth in paragraphs 35-41 at least since the date of service of this Complaint.

52.     Defendant UA indirectly infringes the '562 patent within the United States by inducement under 35 U.S.C. § 271(b). Since learning of the '562 patent and by failing to cease offering the UA Accused Products and Accused Services, Defendant Under Armour has knowingly and intentionally induced users of the UA Accused Products and Services to directly infringe one or more claims of the '562 patent.  It does so, *inter alia,* by (1) providing instructions or information, for example on its publicly available websites (*See, e.g*., http://www.underarmour.com/shop/us/en/armour39/faqsandspecs), to explain how to use the UA Accused Products and Services in an infringing manner, including the use of the UA Accused

Products and Services in manners described in paragraphs 20-25 above, which are expressly incorporated herein; and (2) touting these infringing uses of the UA Accused Products and Services in advertisements including but not limited to those on its websites and other mobile app marketplace websites.

53.     Defendant Under Armour indirectly infringes the '562 patent by contributing to the direct infringement of end users under 35 U.S.C. § 271(c) by providing the UA Accused Products and Services, which, as evidenced by Defendant Under Armour's websites and advertisements (*See, e.g.*, http://www.underarmour.com/shop/us/en/armour39/faqsandspecs), are especially made for use in a manner infringing one or more claims of the '562 patent as described in paragraphs 20-25 above and have no substantial non-infringing uses.

54.     adidas has been and continues to be injured by Defendant Under Armour's infringement of the '562 patent.  adidas is entitled to recover damages adequate to compensate it for Defendant Under Armour's infringing activities in an amount to be determined at trial but in no event less than a reasonable royalty.

55.     Unless enjoined by this Court, Defendant Under Armour's acts of infringement will continue to damage adidas irreparably.

## COUNT III
### (Infringement of United States Patent No.  7,292,867 by MapMyFitness)

56.     adidas realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-55 of this Complaint.

57.     Defendant MapMyFitness directly infringes, literally or under the doctrine of equivalents, one or more claims of the '867 patent by, without authority, making, using, importing, selling, or offering to sell the MMF Accused Products and Services within the United States, in violation of 35 U.S.C. § 271(a).

58.     Defendant MapMyFitness has known of the '867 patent, as well as the fact that its customers use the MMF Accused Products and Services in a manner that infringes one or more claims of the '867 patent, in accordance with the allegations set forth in paragraphs 35-41 at least since the date of service of this Complaint.

59.     Defendant MapMyFitness indirectly infringes the '867 patent within the United States by inducement under 35 U.S.C. § 271(b). Since learning of the '867 patent and by failing to cease offering the MMF Accused Products and Accused Services, Defendant MapMyFitness has knowingly and intentionally induced users of the MMF Accused Products and Services to directly infringe one or more claims of the '867 patent.  It does so, *inter alia,* by (1) providing instructions or information, for example on its publicly available websites (*See, e.g.*, http://www.mapmyrun.com/app/ and linked pages), to explain how to use the MMF Accused Products and Services in an infringing manner, including the use of the MMF Accused Products and Services in manners described in paragraphs 26-33 above, which are expressly incorporated herein; and (2) touting these infringing uses of the MMF Accused Products and Services in advertisements including but not limited to those on its websites and other mobile app marketplace websites.

60.     Defendant MapMyFitness indirectly infringes the '867 patent by contributing to the direct infringement of end users under 35 U.S.C. § 271(c) by providing the MMF Accused Products and Services, which, as evidenced by Defendant MapMyFitness's websites and advertisements (*See, e.g.*, http://www.mapmyrun.com/app/ and linked pages), are especially made for use in a manner infringing one or more claims of the '867 patent as described in paragraphs 26-33 above and have no substantial non-infringing uses.

61.     adidas has been and continues to be injured by Defendant MapMyFitness's infringement of the '867 patent. adidas is entitled to recover damages adequate to compensate it for Defendant MapMyFitness's infringing activities in an amount to be determined at trial but in no event less than a reasonable royalty.

62.     Unless enjoined by this Court, Defendant MapMyFitness's acts of infringement will continue to damage adidas irreparably.

## COUNT IV
### (Infringement of United States Patent No. 7,805,149 by MapMyFitness)

63.     adidas realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-62 of this Complaint.

64.     Defendant MapMyFitness directly infringes, literally or under the doctrine of equivalents, one or more claims of the '149 patent by, without authority, making, using, importing, selling, or offering to sell the MMF Accused Products and Services within the United States, in violation of 35 U.S.C. § 271(a).

65.     Defendant MapMyFitness has known of the '149 patent, as well as the fact that its customers use the MMF Accused Products and Services in a manner that infringes one or more claims of the '149 patent, in accordance with the allegations set forth in paragraphs 35-41 at least since the date of service of this Complaint.

66.     Defendant MapMyFitness indirectly infringes the '149 patent within the United States by inducement under 35 U.S.C. § 271(b). Since learning of the '149 patent and by failing to cease offering the MMF Accused Products and Accused Services, Defendant MapMyFitness has knowingly and intentionally induced users of the MMF Accused Products and Services to directly infringe one or more claims of the '149 patent. Defendant MapMyFitness does so by, *inter alia,* (1) providing instructions, for example on its publicly available websites (*See, e.g.,*

http://www.mapmyrun.com/app/ and linked pages), to explain how to use infringing features of the MMF Accused Products and Services, including those features highlighted in paragraphs 26-33 above, which are expressly incorporated herein; and (2) touting these infringing features of the MMF Accused Products and Services in advertisements including but not limited to those on its websites and other mobile app marketplace websites.

67.     Defendant MapMyFitness indirectly infringes the '149 patent by contributing to the direct infringement of end users under 35 U.S.C. § 271(c) by providing the MMF Accused Products and Services, which, as evidenced by Defendant MapMyFitness's websites and advertisements (*See, e.g.*, http://www.mapmyrun.com/app/ and linked pages), are especially made for use in a manner infringing one or more claims of the '149 patent as described in paragraphs 26-33 above and have no substantial non-infringing uses.

68.     adidas has been and continues to be injured by Defendant MapMyFitness's infringement of the '149 patent. adidas is entitled to recover damages adequate to compensate it for Defendant MapMyFitness's infringing activities in an amount to be determined at trial but in no event less than a reasonable royalty.

69.     Unless enjoined by this Court, Defendant MapMyFitness's acts of infringement will continue to damage adidas irreparably.

## COUNT V
### (Infringement of United States Patent No. 7,941,160 by MapMyFitness)

70.     adidas realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-69 of this Complaint.

71.     Defendant MapMyFitness directly infringes, literally or under the doctrine of equivalents, one or more claims of the '160 patent by, without authority, making, using,

importing, selling, or offering to sell the MMF Accused Products and Services within the United States, in violation of 35 U.S.C. § 271(a).

72.     Defendant MapMyFitness has known of the '160 patent, as well as the fact that its customers use the MMF Accused Products and Services in a manner that infringes one or more claims of the '160 patent, in accordance with the allegations set forth in paragraphs 35-41 or at least since the date of service of this Complaint.

73.     Defendant MapMyFitness indirectly infringes the '160 patent within the United States by inducement under 35 U.S.C. § 271(b). Since learning of the '160 patent and by failing to cease offering the MMF Accused Products and Accused Services, Defendant MapMyFitness has knowingly and intentionally induced users of the MMF Accused Products and Services to directly infringe one or more claims of the '160 patent.  Defendant MapMyFitness does so by, *inter alia,* (1) providing instructions, for example on its publicly available websites (*See, e.g.*, http://www.mapmyrun.com/app/ and linked pages), to explain how to use infringing features of the MMF Accused Products and Services, including those features highlighted in paragraphs 26-33 above, which are expressly incorporated herein; and (2) touting these infringing features of the MMF Accused Products and Services in advertisements including but not limited to those on its websites and other mobile app marketplace websites.

74.     Defendant MapMyFitness indirectly infringes the '160 patent by contributing to the direct infringement of end users under 35 U.S.C. § 271(c) by providing the MMF Accused Products and Services, which, as evidenced by Defendant MapMyFitness's websites and advertisements (*See, e.g.*, http://www.mapmyrun.com/app/ and linked pages), are especially made for use in a manner infringing one or more claims of the '160 patent as described in paragraphs 26-33 above and have no substantial non-infringing uses.

75.     adidas has been and continues to be injured by Defendant MapMyFitness's infringement of the '160 patent. adidas is entitled to recover damages adequate to compensate it for Defendant MapMyFitness's infringing activities in an amount to be determined at trial but in no event less than a reasonable royalty.

76.     Unless enjoined by this Court, Defendant MapMyFitness's acts of infringement will continue to damage adidas irreparably.

## COUNT VI
### (Infringement of United States Patent No. 7,957,752 by MapMyFitness)

77.     adidas realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-76 of this Complaint.

78.     Defendant MapMyFitness directly infringes, literally or under the doctrine of equivalents, one or more claims of the '752 patent by, without authority, making, using, importing, selling, or offering to sell the MMF Accused Products and Services within the United States, in violation of 35 U.S.C. § 271(a).

79.     adidas has been and continues to be injured by Defendant MapMyFitness's infringement of the '752 patent. adidas is entitled to recover damages adequate to compensate it for Defendant MapMyFitness's infringing activities in an amount to be determined at trial but in no event less than a reasonable royalty.

80.      Unless enjoined by this Court, Defendant MapMyFitness's acts of infringement will continue to damage adidas irreparably.

## COUNT VII
### (Infringement of United States Patent No. 8,068,858 by MapMyFitness)

81.     adidas realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-80 of this Complaint.

82.     Defendant MapMyFitness directly infringes, literally or under the doctrine of equivalents, one or more claims of the '858 patent by, without authority, making, using, importing, selling, or offering to sell the MMF Accused Products and Services within the United States, in violation of 35 U.S.C. § 271(a).

83.     adidas has been and continues to be injured by Defendant MapMyFitness's infringement of the '858 patent. adidas is entitled to recover damages adequate to compensate it for Defendant MapMyFitness's infringing activities in an amount to be determined at trial but in no event less than a reasonable royalty.

84.     Unless enjoined by this Court, Defendant MapMyFitness's acts of infringement will continue to damage adidas irreparably.

## COUNT VIII
### (Infringement of United States Patent No. 7,905,815 by MapMyFitness)

85.     adidas realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-84 of this Complaint.

86.     Defendant MapMyFitness directly infringes, literally or under the doctrine of equivalents, one or more claims of the '815 patent by, without authority, making, using, importing, selling, or offering to sell the MMF Accused Products and Services within the United States, in violation of 35 U.S.C. § 271(a).

87.     Defendant MapMyFitness has known of the '815 patent, as well as the fact that its customers use the MMF Accused Products and Services in a manner that infringes one or more claims of the '815 patent, in accordance with the allegations set forth in paragraphs 35-41 at least since the date of service of this Complaint.

88.     Defendant MapMyFitness indirectly infringes the '815 patent within the United States by inducement under 35 U.S.C. § 271(b). Since learning of the '815 patent and by failing

to cease offering the MMF Accused Products and Accused Services, Defendant MapMyFitness has knowingly and intentionally induced users of the MMF Accused Products and Services to directly infringe one or more claims of the '815 patent. Defendant MapMyFitness does so by, inter alia, (1) providing instructions, for example on its publicly available websites (*See, e.g.*, http://www.mapmyrun.com/app/ and linked pages), to explain how to use infringing features of the MMF Accused Products and Services, including those features highlighted in paragraphs 26-33 above, which are expressly incorporated herein; and (2) touting these infringing features of the MMF Accused Products and Services in advertisements including but not limited to those on its websites and other mobile app marketplace websites.

89.     Defendant MapMyFitness indirectly infringes the '815 patent by contributing to the direct infringement of end users under 35 U.S.C. § 271(c) by providing the MMF Accused Products and Services, which, as evidenced by Defendant MapMyFitness's websites and advertisements (*See, e.g.*, http://www.mapmyrun.com/app/ and linked pages), are especially made for use in a manner infringing one or more claims of the '815 patent as described in paragraphs 26-33 above and have no substantial non-infringing uses.

90.     adidas has been and continues to be injured by Defendant MapMyFitness's infringement of the '815 patent. adidas is entitled to recover damages adequate to compensate it for Defendant MapMyFitness's infringing activities in an amount to be determined at trial but in no event less than a reasonable royalty.

91.     Unless enjoined by this Court, Defendant MapMyFitness's acts of infringement will continue to damage adidas irreparably.

## COUNT IX
### (Infringement of United States Patent No. 8,244,226 by MapMyFitness)

92.     adidas realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-91 of this Complaint.

93.     Defendant MapMyFitness directly infringes, literally or under the doctrine of equivalents, one or more claims of the '226 patent by, without authority, making, using, importing, selling, or offering to sell the MMF Accused Products and Services within the United States, in violation of 35 U.S.C. § 271(a).

94.     Defendant MapMyFitness has known of the '226 patent, as well as the fact that its customers use the MMF Accused Products and Services in a manner that infringes one or more claims of the '226 patent, in accordance with the allegations set forth in paragraphs 35-41 at least since the date of service of this Complaint.

95.     Defendant MapMyFitness indirectly infringes the '226 patent within the United States by inducement under 35 U.S.C. § 271(b). Since learning of the '226 patent and by failing to cease offering the MMF Accused Products and Accused Services, Defendant MapMyFitness has knowingly and intentionally induced users of the MMF Accused Products and Services to directly infringe one or more claims of the '226 patent.  Defendant MapMyFitness does so by, *inter alia,* (1) providing instructions, for example on its publicly available websites (*See, e.g.*, http://www.mapmyrun.com/app/ and linked pages), to explain how to use infringing features of the MMF Accused Products and Services, including those features highlighted in paragraphs 26-33 above, which are expressly incorporated herein; and (2) touting these infringing features of the MMF Accused Products and Services in advertisements including but not limited to those on its websites and other mobile app marketplace websites.

96.     Defendant MapMyFitness indirectly infringes the '226 patent by contributing to the direct infringement of end users under 35 U.S.C. § 271(c) by providing the MMF Accused Products and Services, which, as evidenced by Defendant MapMyFitness's websites and advertisements (*See, e.g.*, http://www.mapmyrun.com/app/ and linked pages), are especially made for use in a manner infringing one or more claims of the '226 patent as described in paragraphs 26-33 above and have no substantial non-infringing uses.

97.     adidas has been and continues to be injured by Defendant MapMyFitness's infringement of the '226 patent. adidas is entitled to recover damages adequate to compensate it for Defendant MapMyFitness's infringing activities in an amount to be determined at trial but in no event less than a reasonable royalty.

98.     Unless enjoined by this Court, Defendant MapMyFitness's acts of infringement will continue to damage adidas irreparably.

### COUNT X
### (Infringement of United States Patent No. 7,931,562 by MapMyFitness)

99.     adidas realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-98 of this Complaint.

100.    Defendant MapMyFitness has known of the '562 patent, as well as the fact that its customers use the MMF Accused Products and Services in a manner that infringes one or more claims of the '562 patent, in accordance with the allegations set forth in paragraphs 35-41 at least since the date of service of this Complaint.

101.    Defendant MapMyFitness indirectly infringes the '562 patent within the United States by inducement under 35 U.S.C. § 271(b). Since learning of the '562 patent and by failing to cease offering the MMF Accused Products and Accused Services, Defendant MapMyFitness has knowingly and intentionally induced users of the MMF Accused Products and Services to

directly infringe one or more claims of the '562 patent.  Defendant MapMyFitness does so by, *inter alia,* (1) providing instructions, for example on its publicly available websites (*See, e.g.,* http://www.mapmyrun.com/app/ and linked pages), to explain how to use infringing features of the MMF Accused Products and Services, including those features highlighted in paragraphs 26-33 above, which are expressly incorporated herein; and (2) touting these infringing features of the MMF Accused Products and Services in advertisements including but not limited to those on its websites and other mobile app marketplace websites.

102.    Defendant MapMyFitness indirectly infringes the '562 patent by contributing to the direct infringement of end users under 35 U.S.C. § 271(c) by providing the MMF Accused Products and Services, which, as evidenced by Defendant MapMyFitness's websites and advertisements (*See, e.g.,* http://www.mapmyrun.com/app/ and linked pages), are especially made for use in a manner infringing one or more claims of the '562 patent as described in paragraphs 26-33 above and have no substantial non-infringing uses.

103.    adidas has been and continues to be injured by Defendant MapMyFitness's infringement of the '562 patent. adidas is entitled to recover damages adequate to compensate it for Defendant MapMyFitness's infringing activities in an amount to be determined at trial but in no event less than a reasonable royalty.

104.    Unless enjoined by this Court, Defendant MapMyFitness's acts of infringement will continue to damage adidas irreparably.

## COUNT XI
**(Infringement of United States Patent No. 8,092,345 by MapMyFitness)**

105.    adidas realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-104 of this Complaint.

106.    Defendant MapMyFitness has known of the '345 patent, as well as the fact that its customers use the MMF Accused Products and Services in a manner that infringes one or more claims of the '345 patent, in accordance with the allegations set forth in paragraphs 35-41 at least since the date of service of this Complaint.

107.    Defendant MapMyFitness indirectly infringes the '345 patent within the United States by inducement under 35 U.S.C. § 271(b). Since learning of the '345 patent and by failing to cease offering the MMF Accused Products and Services, Defendant MapMyFitness has knowingly and intentionally induced users of the MMF Accused Products and Services to directly infringe one or more claims of the '345 patent.  Defendant MapMyFitness does so by, *inter alia,* (1) providing instructions, for example on its publicly available websites (*See, e.g.*, http://www.mapmyrun.com/app/ and linked pages), to explain how to use infringing features of the MMF Accused Products and Services, including those features highlighted in paragraphs 26-33 above, which are expressly incorporated herein; and (2) touting these infringing features of the MMF Accused Products and Services in advertisements including but not limited to those on its websites and other mobile app marketplace websites.

108.    Defendant MapMyFitness indirectly infringes the '345 patent by contributing to the direct infringement of end users under 35 U.S.C. § 271(c) by providing the MMF Accused Products and Services, which, as evidenced by Defendant MapMyFitness's websites and advertisements (*See, e.g.*, http://www.mapmyrun.com/app/ and linked pages), are especially made for use in a manner infringing one or more claims of the '345 patent as described in paragraphs 26-33 above and have no substantial non-infringing uses.

109.    adidas has been and continues to be injured by Defendant MapMyFitness's infringement of the '345 patent. adidas is entitled to recover damages adequate to compensate it

for Defendant MapMyFitness's infringing activities in an amount to be determined at trial but in no event less than a reasonable royalty.

110.    Unless enjoined by this Court, Defendant MapMyFitness's acts of infringement will continue to damage adidas irreparably.

**COUNT XII**
**(Infringement of United States Patent No. 8,579,767 by MapMyFitness)**

111.    adidas realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-110 of this Complaint.

112.    Defendant MapMyFitness directly infringes, literally or under the doctrine of equivalents, one or more claims of the '767 patent by, without authority, making, using, importing, selling, or offering to sell the MMF Accused Products and Services within the United States, in violation of 35 U.S.C. § 271(a).

113.    Defendant MapMyFitness has known of the '767 patent, as well as the fact that its customers use the MMF Accused Products and Services in a manner that infringes one or more claims of the '767 patent, in accordance with the allegations set forth in paragraphs 35-41 at least since the date of service of this Complaint.

114.    Defendant MapMyFitness indirectly infringes the '767 patent within the United States by inducement under 35 U.S.C. § 271(b). Since learning of the '767 patent and by failing to cease offering the MMF Accused Products and Services, Defendant MapMyFitness has knowingly and intentionally induced users of the MMF Accused Products and Services to directly infringe one or more claims of the '767 patent. Defendant MapMyFitness does so by, *inter alia,* (1) providing instructions, for example on its publicly available websites (*See, e.g.*, http://www.mapmyrun.com/app/ and linked pages), to explain how to use infringing features of the MMF Accused Products and Services, including those features highlighted in paragraphs 26-

33 above, which are expressly incorporated herein; and (2) touting these infringing features of the MMF Accused Products and Services in advertisements including but not limited to those on its websites and other mobile app marketplaces.

115.    Defendant MapMyFitness indirectly infringes the '767 patent by contributing to the direct infringement of end users under 35 U.S.C. § 271(c) by providing the MMF Accused Products and Services, which, as evidenced by Defendant MapMyFitness's websites and advertisements (*See, e.g.*, http://www.mapmyrun.com/app/ and linked pages), are especially made for use in a manner infringing one or more claims of the '767 patent as described in paragraphs 26-33 above and have no substantial non-infringing uses.

116.    adidas has been and continues to be injured by Defendant MapMyFitness's infringement of the '767 patent. adidas is entitled to recover damages adequate to compensate it for Defendant MapMyFitness's infringing activities in an amount to be determined at trial but in no event less than a reasonable royalty.

117.    Unless enjoined by this Court, Defendant MapMyFitness's acts of infringement will continue to damage adidas irreparably.

## <u>WILLFUL INFRINGEMENT</u>

118.    adidas realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-117 of this Complaint.

119.    As alleged in paragraphs 35-41, both Under Armour and MapMyFitness had knowledge of the adidas patents before filing of this Complaint.

120.    Accordingly, Under Armour has intentionally and willfully infringed at least the '815 and '562 patents.

121.    Additionally, MapMyFitness has intentionally and willfully infringed at least the '867 patent, '149 patent, '160 patent, '752 patent, '858 patent, '815 patent, '226 patent, '562 patent, '345 patent, and '767 patent.

## PRAYER FOR RELIEF

WHEREFORE, adidas respectfully prays that this Court:

a.    Enter a judgment that Defendants have infringed one or more of the '867 patent, '149 patent, '160 patent, '752 patent, '858 patent, '226 patent, '815 patent, '562 patent, '345 patent, or '767 patent (collectively "patents-in-suit").

b.    Grant a permanent injunction restraining and enjoining Defendants and their officers, directors, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, and attorneys from directly or indirectly infringing one or more of the patents-in-suit;

c.    Award adidas damages in an amount sufficient to compensate adidas for Defendants' infringement of the patents-in-suit, but not less than a reasonable royalty, together with interests and costs;

d.    Award adidas treble damages for Defendants' willful infringement;

e.    Award prejudgment interest to adidas under 35 U.S.C. § 284;

f.    Grant such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

adidas hereby demands a jury trial on all issues appropriately triable by a jury.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack B. Blumenfeld

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Plaintiff*

OF COUNSEL:

Mitch Stockwell
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE
Suite 2800
Atlanta, GA 30309
(404) 815-6500

Matias Ferrario
Michael T. Morlock
Caroline K. Wray
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101
(336) 607-7300

February 4, 2014