**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ADIDAS AG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 14-130-GMS |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| UNDER ARMOUR, INC. and | ) | |
| MAPMYFITNESS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
THEIR MOTION TO MODIFY THE COURT'S CLAIM CONSTRUCTION ORDER**

OF COUNSEL:

Brian E. Ferguson
Anish Desai
Robert T. Vlasis
David M. DesRosier
Christopher Marando
Sutton W. Ansley
Stephen Bosco
Zachary Garthe
WEIL GOTSHAL & MANGES, LLP
1300 Eye Street, N.W., Suite 900
Washington, D.C. 20005
Tel: (202) 682-7000

Dated: October 22, 2015
1207249 / 41293

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteraderson.com
sobyrne@potteranderson.com

*Attorneys for Defendants Under Armour, Inc.
and MapMyFitness, Inc.*

# TABLE OF CONTENTS

I.    SUMMARY OF THE ARGUMENT ............................................................... 1

II.   FACTUAL BACKGROUND ........................................................................ 3

    A.    The Court's Claim Construction Order ................................................... 3

    B.    The IPR Proceeding ........................................................................ 4

III.  ARGUMENT .......................................................................................... 6

    A.    Adidas Is Precluded From Asserting A Construction Broader Than The
        Construction Decided By The PTAB ..................................................... 6

        1.    The Same Issue Was Previously Adjudicated ........................................ 7

        2.    The Construction Of "Route Path" Was Actually Litigated And
            Necessary To The PTAB's Decision ........................................... 9

        3.    Adidas Was Fully Represented Before The PTAB .................................. 11

        4.    The PTAB Decision Possesses The Necessary Finality ........................... 11

        5.    Equitable And Policy Considerations Support Preclusion........................ 11

    B.    Modification Of Claim Construction Orders Is Appropriate When New
        Evidence Arises ........................................................................... 13

IV.   CONCLUSION...................................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AT&T Intellectual Property I, L.P. v. Cox Communications, Inc.,*
C.A. No. 14-1106-GMS (D. Del. Sept. 24, 2015) ..................................................................13

*Autogiro Co. of Am. v. United States*,
384 F.2d 391 (Ct. Cl. 1967) ...................................................................................................14

*B & B Hardware, Inc. v. Hargis Indus., Inc.*,
135 S. Ct. 1293 (2015) .............................................................................................................6

*Cubist Pharm., Inc. v. Hospira, Inc.*,
75 F. Supp. 3d 641 (D. Del. 2014) ........................................................................................13

*In re Docteroff*,
133 F.3d 210 (3d Cir. 1997) ..................................................................................................11

*In re Dominion Dealer Solutions, LLC.*,
749 F.3d 1379 (Fed. Cir. 2014) .............................................................................................11

*Duvall v. Atty. Gen. of U.S.*,
436 F.3d 382 (3d Cir. 2006) ..................................................................................................11

*Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*,
No. C-13-03587, 2014 WL 4802426 (N.D. Cal. Sept. 26, 2014) ..........................................13

*Facebook, Inc. v. Pragmatus AV, LLC*,
582 F. App'x 864 (Fed. Cir. 2014), *reh'g denied* (Oct. 30, 2014)......................................8, 9

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
535 U.S. 722 (2002) ...............................................................................................................16

*In re Freeman*,
30 F.3d 1459 (Fed. Cir. 1994)..................................................................................................8

*Glaxo Wellcome, Inc. v. Impax Labs., Inc.*,
356 F.3d 1348 (Fed. Cir. 2004) .............................................................................................14

*Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*,
585 F. Supp. 2d 623 (D. Del. 2008) ......................................................................................10

*Inverness Medical Switzerland GmbH v. Princeton Biomeditech Corp.*,
309 F.3d 1365 (Fed. Cir. 2002)..............................................................................................14

*Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*,
458 F.3d 244 (3d Cir. 2006)...................................................................................6, 7, 16

*Jet, Inc. v. Sewage Aeration Sys.*,
223 F.3d 1360 (Fed. Cir. 2000).................................................................................6, 7

*Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*,
176 F.3d 669 (3d Cir. 1999)......................................................................................13

*Montana v. United States*,
440 U.S. 147 (1979)..................................................................................................12

*Norian Corp. v. Stryker Corp.*,
432 F.3d 1356 (Fed. Cir. 2005).................................................................................15

*Pressure Products Med. Supplies, Inc. v. Greatbatch Ltd.*,
599 F.3d 1308 (Fed. Cir. 2010).................................................................................13

*SmithKline Beecham Corp. v. Apotex Corp.*,
439 F.3d 1312 (Fed. Cir. 2006).................................................................................15

*Southwall Techs., Inc. v. Cardinal IG Co.*,
54 F.3d 1570 (Fed. Cir. 1995)...................................................................................14

*Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*,
778 F.3d 1311 (Fed. Cir. 2015)...................................................................................7

*TorPharm, Inc. v. Ranbaxy Pharms., Inc.*,
336 F.3d 1322 (Fed. Cir. 2003).................................................................................14

*United Access Technologies, LLC v. Centurytel Broadband Servs. LLC*,
778 F.3d 1327 (Fed. Cir. 2015)...................................................................................7

**Statutes & Rules**

35 U.S.C. § 314(d) .....................................................................................................11

37 C.F.R. § 42.71(d) ...........................................................................................5, 6, 15

37 C.F.R. § 42.100(b) ..................................................................................................5

**Other Authorities**

R. Satava, et. al., *The Physiologic Cipher at Altitude: Telemedicine and Real-Time Monitoring of Climbers on Mount Everest* .................................................................................4

Restatement (Second) of Judgments § 27 (1982) ....................................................6, 9

iii

## I.       SUMMARY OF THE ARGUMENT

Defendants Under Armour and MapMyFitness (collectively, "Defendants") respectfully move the Court for a modification to the construction of one term in the Court's claim construction order (D.I. 161).  This single modification – to the term "route path" as claimed in Plaintiff adidas AG's ("adidas") U.S. Patent No. 8,068,858 ("the 858 Patent") – is warranted because significant developments have occurred subsequent to the claim construction briefing and hearing in this case.  Implementing the modification, moreover, would effectively dispose of adidas' infringement allegations with respect to the 858 Patent and thus simplify the issues in the case.

The Court's construction of the term "route path," which is similar to the construction Plaintiff advocated for at oral argument, is "geographical representation of the route."  D.I. 161 at 4.  But on August 3, 2015, the Patent Trial and Appeal Board ("PTAB") construed the same term to mean a "predetermined path," and applied that construction in denying Defendant Under Armour's petition for *inter partes* review ("IPR") of the 858 Patent.  Plaintiff—despite actively opposing the narrower "predetermined path" construction in this case—acquiesced to that very construction in the IPR proceeding by (1) not proposing an alternative construction or an argument in its opposition to the IPR petition; (2) distinguishing the prior art based on the narrower construction; and (3) not requesting reconsideration of the PTAB's claim construction. The end result is that adidas gained the benefit of a ***narrow*** construction in proceedings before the Patent Office, while successfully asserting a ***broader*** construction in this case for purposes of infringement.  As explained below, the law does not (and should not) permit this.

First, the broadest reasonable interpretation of the term "route path" has now been decided by an administrative tribunal in a final decision that is entitled to preclusive effect

against adidas.  Specifically, well-settled principles of issue preclusion dictate that adidas is barred from obtaining a construction of the term "route path" that is broader than the construction the PTAB decided, since the broadest reasonable construction has already been fully and fairly adjudicated in a final decision involving the same parties and the same issues. Accordingly, Defendants respectfully request that the Court give preclusive effect to the PTAB's decision by modifying its construction of the term "route path" to mean a "predetermined path." This modification is necessary to prohibit adidas from benefitting from the narrower construction it did not contest in the PTAB proceedings, while enjoying a broader construction for purposes of infringement in this case.

Second, traditional principles of claim construction also call for the same result. Proceedings before the PTAB are part of the prosecution history of the 858 Patent and, accordingly, constitute intrinsic evidence that is highly relevant to the construction of its claims. In this instance, the PTAB's decision not to institute an IPR proceeding, which included a decision on claim construction issues, is final.  And, the patent owner, adidas, has accepted that the *broadest* reasonable interpretation of "route path" is "predetermined path" in order to preserve the validity of the 858 Patent.  Given this intrinsic record, it is black letter law that adidas cannot be entitled to a broader construction when pursuing its infringement claims.

In short, both the doctrine of issue preclusion and well-established principles of claim construction counsel in favor of a modification to the Court's claim construction order.  For all of these reasons, Defendants respectfully ask the Court to revise its claim construction order and adopt a construction of "route path" that includes the requirement that the "route path" is predetermined.

## II.     FACTUAL BACKGROUND

### A.     The Court's Claim Construction Order

The Court held a claim construction hearing on May 14, 2015, which was preceded by briefing that began on March 6 and concluded on April 6.  *See generally* D.I. 85, 86, 91, 93, 159. In both their briefing and at oral argument, Defendants argued that the term "route path" should be construed as a "**predetermined** path represented by a series of geographic points."  D.I. 86 at 8-10, D.I. 91 at 8-9, D.I. 159 at 27-32.

In its responsive briefing, Plaintiff objected to Defendants' proposal that the term "route path" be limited to "predetermined" paths, arguing that such a limitation would eliminate "half" of the route paths covered by the plain and ordinary meaning of term:

> By arguing that the route path must be predetermined (as shown in Exhibit E above), Defendants ignore the other half of the plain and ordinary meaning of the term (as shown in Exhibit D).  Thus, Defendants' proposed construction seeks to exclude a whole class of route paths, i.e., those that show the route traced by a runner and his/her present location.

D.I. 93 at 6.  Plaintiff reiterated this concern before the Court during the claim construction hearing, during which Plaintiff emphasized that Defendants' proposed "predetermined" limitation was "too narrow:"

> Now, the other disclosure we think that is supported is this notion that the path is created as the user is running. So you don't necessarily see where they are running to, but we can see where they have run from. That is why we think their construction for predetermined is too narrow, because it would read out what that is. And it's inconsistent with the definition of path, which doesn't mean it has to be predetermined, and also, we think inconsistent with the specification.

Hearing Transcript, D.I. 159 at 25.

The Court issued its claim construction order on June 15, 2015, and construed the term "route path" as a "geographical representation of the route."   D.I. 161.  The Court noted that "[t]he defendants present compelling arguments for adding a limitation requiring the route path

3

to be 'predetermined,' in order to allow comparison between a user's location and the route

path," but ultimately concluded that there was not enough intrinsic evidence to support such a

construction.  *Id.* at 4, n. 6.

### B.     The IPR Proceeding

On February 5, 2015 Defendant Under Armour filed a petition requesting that the PTAB

institute an IPR on claims 1, 3, 8, 11, 13, and 18 of the 858 Patent.  *See Under Armour Inc. v.*

*adidas AG*, IPR2015-00696, Paper 1 (February 5, 2015) ("Ex. 1").  The Petition argued that

these 858 claims were anticipated by, *inter alia*, R. Satava, et. al., *The Physiologic Cipher at*

*Altitude: Telemedicine and Real-Time Monitoring of Climbers on Mount Everest*, Telemedicine

Journal and e-Health, Vol. 6, No. 3 (2000) ("Satava").  Ex. 1 at 7-8.  The petition also included a

claim construction section in which Under Armour—consistent with the construction of "route

path" it later advocated to the Court— proposed that the term "with respect to a route path" in

claims 1 and 11 of the 858 Patent be construed as "in relation to a predetermined path."[1]  Ex. 1 at

10-11.

Adidas filed a Preliminary Response to the Petition on May 20.  *See* IPR2015-00696,

Paper 6 (May 20, 2015) ("Ex. 2").   The Preliminary Response, filed only six days after the May

14 claim construction hearing before the Court, included a five-page claim construction section

that contested some of Under Armour's proposed constructions, such as the construction of

"wireless wide-area network."  Ex. 2 at 5-11.  Adidas also proposed additional constructions for

terms that Under Armour had not construed at all.  *Id.*  But adidas did ***not*** contest, or even

mention, Under Armour's proposed construction of "with respect to a route path" as "in relation

to a predetermined path."

---

[1] Despite slight differences in the lengths of the phrases construed, Under Armour's IPR and
District Court constructions both made clear that a "route path" is a predetermined path.

Instead, adidas *relied upon and applied this construction* in arguing that the Satava reference did not disclose every element of the claims: "The Petition fails to establish that Satava discloses the user's location with respect to a predetermined path." Ex. 2 at 16.  The only indication of disagreement with Under Armour's construction appeared in a footnote on page 16, in which adidas stated that "Patent Owner does not agree that this is the correct construction," but did not otherwise explain why Under Armour's construction was not the broadest reasonable construction or propose any alternative construction.  Adidas' response did not contest that the Satava reference disclosed indicating the user's location with respect to the "path the user actually took"—adidas simply argued it did not disclose indicating a user's location with respect to a *predetermined* path.  *See* Ex. 2 at 16-18.

The PTAB denied Under Armour's IPR Petition on August 3, 2015.  *See* IPR2015-00696, Paper 9 (August 03, 2015) ("Ex. 3").  In reaching this Decision, the PTAB made clear that it applied the "broadest reasonable construction" standard for construing claims, as mandated by 37 C.F.R. § 42.100(b):  "[a] claim in an unexpired patent shall be given its broadest reasonable construction in light of the specification of the patent in which it appears." Ex. 3 at 6.  Using this standard, the PTAB adopted Under Armour's proposed construction of "with respect to a route path." Ex. 3 at 9.  The PTAB's decision not to institute an IPR with respect to the Satava reference hinged on its conclusion that, as adidas argued, the Petition did not adequately demonstrate that Satava disclosed a "a display of the athlete's location in relation to a predetermined path." Ex. 3 at 10.

Under the regulations governing IPR proceedings, "[a] party dissatisfied with a decision may file a request for rehearing, without prior authorization from the Board." 37 C.F.R. § 42.71(d).  In the case of a "decision not to institute a trial," such a rehearing request must be filed

5

within 30 days of the entry of the decision.  37 C.F.R. § 42.71(d)(2).  Adidas did not file a request for rehearing within 30 days of the PTAB's decision, and the deadline for filing a request for rehearing has now passed.

In satisfaction of the requirements of Local Rule 7.1.1, Defendants' counsel contacted Plaintiff's counsel on October 20, described the legal basis for Defendants' concurrently-filed motion, and requested adidas' consent to the modification to the Court's claim construction order sought in the motion and described herein.  Counsel for adidas declined to consent to the modification and no agreement could be reached.

## III.    ARGUMENT

### A.    Adidas Is Precluded From Asserting A Construction Broader Than The Construction Decided By The PTAB

In general, "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Restatement (Second) of Judgments § 27 (1982).  This doctrine, known as collateral estoppel or issue preclusion (hereinafter, "issue preclusion") "serves to bar the revisiting of 'issues' that have been already fully litigated."  *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1365-6 (Fed. Cir. 2000).   As the Supreme Court recently noted, issue preclusion is grounded on the principle that "the determination of a question directly involved in one action is conclusive as to that question in a second suit."  *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1302 (2015) (quoting *Cromwell v. County of Sac*, 94 U.S. 351, 354 (1877)).

Issue preclusion applies when four elements are satisfied: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully

represented in the prior action."[2]  *See Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006) (quoting *Raytech Corp. v. White*, 54 F.3d 187, 190 (3d Cir. 1995); *see also Jet*, 223 F.3d at 1366 (applying Federal Circuit law and reciting substantially identical elements).  In applying these factors, courts also consider "whether the party being precluded had a full and fair opportunity to litigate the issue in question in the prior action" and "whether the issue was determined by a final and valid judgment."  *Jean Alexander*, 458 F.3d at 249.  It is well settled, moreover, that decisions of administrative tribunals that otherwise meet the requirements for issue preclusion should be given preclusive effect.  *See id.* at 256 (giving preclusive effect to a Trademark Trial and Appeal ("TTAB") determination regarding likelihood of confusion in a subsequent district court infringement action).

Application of these factors to the PTAB's IPR decision compels the conclusion that the PTAB's claim construction determination is entitled to preclusive effect.

## 1.      The Same Issue Was Previously Adjudicated

The PTAB's denial of the petition with respect to the Satava prior art included a decision regarding the broadest reasonable construction of the term "route path" in claims 1 and 11 of the 858 Patent.  The PTAB adopted "predetermined path" as the broadest reasonable interpretation of "route path."  As explained below, although the PTAB and District Courts apply a different

---

[2]With respect to the application of issue preclusion, the Federal Circuit has stated that where "general principles of the law of judgments" are at issue, it will apply the law of the relevant regional Circuit.  *United Access Technologies, LLC v. Centurytel Broadband Servs. LLC*, 778 F.3d 1327, 1330, note 1 (Fed. Cir. 2015); *see also Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1314 (Fed. Cir. 2015) ("We apply the law of the regional circuit to the general procedural question of whether issue preclusion applies."). Defendants contend that the issues presented in this motion are resolved by such "general principles" and that, accordingly, the law of the Third Circuit controls.  To the extent that the preclusive effect of PTO decisions denying IPRs is a matter unique to patent law, however, Defendants contend that the result is no different.  This is because (as is set forth above) the Federal Circuit's statements of the law of issue preclusion are substantially identical to those of the Third Circuit.

standard for claim construction, the issue that was adjudicated by the PTAB (*i.e.*, the broadest reasonable interpretation) is necessarily encompassed within the claim construction issue that is before this Court.

The Federal Circuit has made it clear that the broadest reasonable interpretation of a claim cannot be narrower than the construction arrived at using the *Phillips* standard applied in District Court.  *See Facebook, Inc. v. Pragmatus AV, LLC*, 582 F. App'x 864, 869 (Fed. Cir. 2014), *reh'g denied* (Oct. 30, 2014) ("The broadest reasonable interpretation of a claim term may be the same as or broader than the construction of a term under the *Phillips* standard.  ***But it cannot be narrower***." (emphasis added)).  Put differently, the District Court's construction under the *Phillips* standard cannot be broader than the broadest reasonable interpretation.  Accordingly, the determination of the broadest reasonable interpretation (which was the issue decided by the PTAB) is subsumed within the claim construction issue decided by a District Court because the broadest reasonable interpretation represents the outermost boundary of a permissible construction under the *Phillips* standard.  Thus, the same issue was previously adjudicated.

That the differing claim construction standards pose no obstacle to issue preclusion is conclusively established by the Federal Circuit's decision in *In re Freeman*.  In *In re Freeman*, a patentee in reexamination proceedings before the Patent Office attempted to assert a claim construction for the term "buoyant lift" that differed from the construction for the same term (in the same patent claim) that a district court had previously decided as part of a final judgment.  *In re Freeman*, 30 F.3d 1459, 1466 (Fed. Cir.1994).  The Federal Circuit, in an opinion authored by Judge Rich, held that issue preclusion prevented the patentee from taking this position because the "identical issue" has already been decided. *Id.* ("It is eminently clear, therefore, that the identical issue, the interpretation of the phrase 'buoyant uplift,' presented in the district court

litigation is also present in the reexamination proceeding.").  Accordingly, since the PTAB's decision here construed the same term from the same patent, much as the prior district court's decision did in *In re Freeman*, the PTAB decision addressed the "identical" issue that is pending in this action, and its decision regarding the broadest reasonable interpretation is entitled to preclusive effect.[3]

### 2. The Construction Of "Route Path" Was Actually Litigated And Necessary To The PTAB's Decision

The PTAB's decision to deny institution of *inter partes* review satisfies both the "actual litigation" and "necessity to the decision" elements of issue preclusion.  An issue is "actually litigated" for issue preclusion purposes as long as it was properly raised in the proceeding, submitted for determination, and ultimately determined.  Restatement (Second) of Judgments § 27 comment d. (1982) ("When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated within the meaning of this Section.").  There is no requirement that an issue be raised before a jury or during an oral hearing for issue preclusion to apply; instead preclusive issue determinations can occur in the context of motions to dismiss, summary judgment, and similar summary determinations.  *Id.* ("An issue may be submitted and determined on a motion to dismiss for failure to state a claim, a motion for judgment on the pleadings, a motion for summary judgment (see Illustration 10), a motion for directed verdict, or their equivalents, as well as on a judgment entered on a verdict.").

---

[3] Adidas may argue that the Court's claim construction order, because it issued before the PTAB decision, should have had preclusive effect on the PTAB, rather than the other way around.  This is incorrect, because the Court's claim construction order was not a "final" decision.  When two actions between parties are pending, it is the first final judgment that is entitled to preclusive effect.  *See* Restatement (Second) of Judgments § 27 comment 1 (1982) ("If two actions which involve the same issue are pending between the same parties, it is the first final judgment rendered in one of the actions which becomes conclusive in the other action, regardless of which action was brought first.").

Here, the issue of the construction of "route path" was actually litigated because Under Armour raised the claim construction issue in its IPR petition, adidas had the opportunity to oppose that construction in its responsive brief, and the PTAB decided the issue.  That adidas choose not to present an argument opposing Under Armour's construction in its responsive brief or in a request for rehearing of the PTAB's decision is immaterial to the "actual litigation" requirement of issue preclusion.  The relevant inquiry is whether the party to be precluded had an *opportunity* to litigate the issue, not whether it availed itself of that opportunity.  *See Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*, 585 F. Supp. 2d 623, 633 (D. Del. 2008) ("How *defendants* argued against the application of lost profits in *Honeywell II* is not the issue. Rather, it is whether *Honeywell,* the party against whom issue preclusion is being alleged, had the full and fair opportunity to litigate the issue in the prior action.") (emphasis in original).  Accordingly, the construction of "route path" was actually litigated before the PTAB.

The construction of "route path" was similarly necessary to the PTAB's decision.  In response to Under Armour's petition, adidas argued that "[t]he Petition fails to establish that Satava discloses the user's location with respect to a **predetermined path**."  Ex. 2 at 16 (emphasis added).  That the PTAB's construction of "route path" was necessary to the decision is evident from the paragraph below, which directly preceded the PTAB's comparison of the Satava reference to the claims of the 858 Patent:

> Independent claims 1 and 11 require "wherein the visual display further includes an indication of the first user's location with respect to a **route path**."  As discussed above, Petitioner [Under Armour] asserts, and we agree, for purposes of this decision, that this requires a display of the athlete's location in relation to a **predetermined path**…

Ex. 3 at 10 (emphasis added).  The PTAB decision thus clearly satisfies the necessity requirement for issue preclusion.

### 3.   Adidas Was Fully Represented Before The PTAB

The same firm and counsel that represent adidas before this Court represented it in the

PTAB proceedings. Thus, adidas' IPR counsel was fully cognizant of the effect that any claim

construction the PTAB adopted and adidas accepted might have on the district court proceedings.

### 4.   The PTAB Decision Possesses The Necessary Finality

The PTAB's denial of Under Armour's IPR petition was, without question, final. The

statute authorizing IPRs expressly states that the denial of an IPR petition "shall be final and

nonappealable," (35 U.S.C. § 314(d)), and the Federal Circuit has interpreted this provision to

bar not only appeals, but mandamus relief. *See In re Dominion Dealer Solutions, LLC.*, 749 F.3d

1379, 1381 (Fed. Cir. 2014). In the context of issue preclusion, a "final judgment' includes any

prior adjudication of an issue in another action that is determined to be sufficiently firm to be

accorded conclusive effect." *In re Docteroff*, 133 F.3d 210, 216 (3d Cir. 1997) (quoting

Restatement (Second) of Judgments § 13 (1982)). Given that the window for any rehearing

request has elapsed, and the inability of any party to appeal the PTAB's decision, the PTAB's

decision is indisputably "final" for issue preclusion purposes.

### 5.   Equitable And Policy Considerations Support Preclusion

Issue preclusion is a "flexible" doctrine that "was borne of equity." *Duvall v. Atty. Gen.*

*of U.S.*, 436 F.3d 382, 390 (3d Cir. 2006) ("Courts and commentators have consistently

recognized that collateral estoppel was borne of equity and is therefore 'flexible,' bending to

satisfy its underlying purpose in light of the nature of the proceedings."). All of the equities here

weigh strongly in favor of giving the PTAB's construction preclusive effect.

Adidas is, quite simply, trying to have its cake and eat too. Adidas repeatedly told this

Court, in its briefing and directly during the May 14 oral argument, that Under Armour's

proposed construction for "route path" would discard half of the plain and ordinary meaning of

the term and was therefore impermissibly narrow.  *See*, *e.g.* D.I. 159 at 25 ("That is why we think their construction for ***predetermined*** is too narrow… it's inconsistent with the definition of path, which doesn't mean it has to be predetermined, and also, we think inconsistent with the specification.").   Yet adidas' preliminary response to Under Armour's IPR, filed only six days after adidas told this Court that the construction was too narrow under the *Philips* standard, raised no narrowness objection to Under Armour's proposed construction—despite the fact that the PTAB proceeding was governed by a ***broader*** claim construction standard.  While Under Armour took consistent positions before both tribunals, adidas vigorously argued for a broad construction before this Court, while simultaneously ***acquiescing to and relying on*** a narrow construction before the PTAB, to distinguish prior art.  Ex. 2 at 16 ("The Petition fails to establish that Satava discloses the user's location with respect to a **predetermined path**.").  Accordingly, basic fairness dictates that adidas should not be permitted to assert a broader construction for infringement purposes than it used to preserve the validity of the 858 Patent.

Furthermore, as a consequence of adidas' maneuvering, this Court's construction is broader than the PTAB's broadest reasonable interpretation.  Thus, failure to give the PTAB's decision preclusive effect would produce the very result that the doctrine of issue preclusion was intended to prevent—inconsistent decisions on the same issue before different tribunals.  *See Montana v. United States*, 440 U.S. 147, 153-54 (1979) ("To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.").  Thus the public policy concerns that underlie the doctrine of issue preclusion counsel strongly in favor of its application here.

**B.      Modification Of Claim Construction Orders Is Appropriate When New Evidence Arises**

The Court may also revise its claim construction order without formally giving the PTAB's decision preclusive effect.  As this Court has previously noted, "[t]he court's constructions of claim terms need not be static." *Cubist Pharm., Inc. v. Hospira, Inc.*, 75 F. Supp. 3d 641, 658 (D. Del. 2014).  In fact, it is settled law that "district courts may engage in a rolling claim construction, in which the court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves." *Pressure Products Med. Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1316 (Fed. Cir. 2010) (quoting *Pfizer, Inc. v. Teva Pharm., USA, Inc.*, 429 F.3d 1364, 1377 (Fed. Cir. 2005)).  Here, revision is appropriate because the patentee's actions (and omissions) subsequent to the Court's claim construction hearing provide new intrinsic evidence that clearly warrants a revised construction of "route path" in the 858 Patent.[4]  *See Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (stating that "the availability of new evidence that was not available when the court made its decision" may justify reconsideration of prior decisions).

First, the IPR record constitutes intrinsic evidence that merits the Court's consideration. *See Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, No. C-13-03587, 2014 WL 4802426, at *4 (N.D. Cal. Sept. 26, 2014) ("The IPR proceedings will also add to the '536 Patent's prosecution history . . .  Statements made by Evolutionary Intelligence during the IPR could disclaim claim scope, aid the court in understanding the meaning of the terms, or otherwise affect the interpretation of key terms."); *AT&T Intellectual Property I, L.P., et al. v. Cox Communications, Inc., et al.*, C.A. No. 14-1106-GMS, D.I. 161 at * 3, n.4 (D. Del. Sept. 24,

---

[4] The Court noted in its claim construction order that despite "compelling arguments for adding a limitation requiring the route path to be 'predetermined'" the Court "is not persuaded that the intrinsic evidence clearly supports the importation of this limitation."  D.I. 161 at 4, n. 6.

2015) ("The results of the IPR may affect not only validity of the asserted claims, but also their scope.").  The clear import of this intrinsic evidence is that adidas has effectively disclaimed any interpretation of the term "route path" that is broader than the construction—"predetermined path"—that the PTAB adopted and that adidas accepted.

It is a bedrock principle of patent law that a patentee "cannot construe the claims narrowly before the Patent Office and later broadly before the courts." *Autogiro Co. of Am. v. United States*, 384 F.2d 391, 399 (Ct. Cl. 1967).  Accordingly, in proceedings before the USPTO, an "applicant's statements not only define terms, but also set the barriers within which the claim's meaning must be kept." *Id.*; *see also Southwall Techs., Inc. v. Cardinal IG Co.,* 54 F.3d 1570, 1576 (Fed. Cir. 1995) ("Claims may not be construed one way in order to obtain their allowance and in a different way against accused infringers.").  Courts have similarly long held that patentees can define terms by implication, including by acquiescing to an examiner's narrow construction:

> Accordingly, in ascertaining the scope of an issued patent, the public is entitled to **equate an inventor's acquiescence to the examiner's narrow view of patentable subject matter with abandonment of the rest**. Such acquiescence may be found where the patentee narrows his or her claims by amendment, **or lets stand an examiner's restrictive interpretation of a claim**.

*TorPharm, Inc. v. Ranbaxy Pharms., Inc.*, 336 F.3d 1322, 1330 (Fed. Cir. 2003) (emphasis added); *see also Inverness Medical Switzerland GmbH v. Princeton Biomeditech Corp.*, 309 F.3d 1365, 1372 (Fed. Cir. 2002) ("A broader definition may be disclaimed, for example, where the examiner adopts a narrow definition and the applicant does not object."); *Glaxo Wellcome, Inc. v. Impax Labs., Inc.*, 356 F.3d 1348, 1357 (Fed. Cir. 2004) ("If the patentee does not rebut an examiner's comment or acquiesces to an examiner's request, the patentee's unambiguous acts or omissions can create an estoppel.").

14

In light of these principles, adidas' conduct constitutes a straightforward example of disclaimer by acquiescence.  Adidas elected not to counter the interpretation that Under Armour proffered and that the PTAB adopted (*i.e.*, "predetermined path").  First, it could have proposed an alternative construction in its responsive brief or an argument as to why "predetermined path" was an incorrect construction.  Adidas chose not to do either.[5]  Instead, adidas proposed constructions for several other terms,[6] and *applied* the "predetermined path" construction when distinguishing the Satava prior art.  Ex. 2 at 16 ("The Petition fails to establish that Satava discloses the user's location with respect to a **predetermined path**.") (emphasis added).  Courts have routinely found that use of a narrow construction to distinguish prior art constitutes a disclaimer of broader constructions.  *See, e.g.*, *Norian Corp. v. Stryker Corp.*, 432 F.3d 1356, 1362 (Fed. Cir. 2005) (citing *Fantasy Sports Props., Inc. v. Sportsline.com, Inc.*, 287 F.3d 1108, 1114–15 (Fed. Cir. 2002) for the proposition that the "patentee cannot now be heard to argue a broad construction of [a claim term] because patentee acquiesced in the examiner's narrow interpretation to distinguish the claims from prior art…" (internal quotation omitted)).

Second, adidas could have requested reconsideration of the PTAB's decision not to institute.  37 C.F.R. § 42.71(d) ("[a] party dissatisfied with a decision may file a request for rehearing, without prior authorization from the Board.").  For example, even though adidas was the prevailing party, it could have objected to the PTAB's construction of "route path," and

---

[5] Adidas' response to the IPR petition included the following in a footnote—"Patent Owner does not agree that this is the correct construction." *See* Ex. 2 at 16 n.3.  This certainly does not constitute an argument.  *See SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (Fed. Cir. 2006) (holding that "mere statements of disagreement . . . do not amount to a developed argument" that preserves an issue for appeal).

[6] For example, adidas proposed narrow constructions for the term "during the physical activity" ("in substantially real-time") and for the term "portable fitness device" ("single portable fitness device") and attempted to distinguish the Satava reference based on those narrow constructions.  The PTAB's decision, however, did not entertain these proposed constructions.

requested that the PTAB find instead that the Satava reference did not anticipate the 858 Patent based on other claim limitations.  *See, e.g., Jean Alexander Cosmetics*, 458 F.3d at 255-56 ("Jean Alexander contends that . . . it would be unfair to apply issue preclusion here because Jean Alexander was the prevailing party in the cancellation proceedings and was therefore unable to appeal the TTAB's favorable finding on likelihood of confusion . . . We disagree. Any 'party to a [TTAB] proceeding who is dissatisfied with the decision of the Board' may appeal.'").  Adidas did not request rehearing and instead accepted the PTAB's decision, including the narrow interpretation of "route path."  Its failure to exercise this right to challenge the PTAB's construction amounts to an admission that the construction was correct.  *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 734 (2002) ("A rejection indicates that the patent examiner does not believe the original claim could be patented. While the patentee has the right to appeal, **his decision to forgo an appeal and submit an amended claim is taken as a concession** that the invention as patented does not reach as far as the original claim." (emphasis added)).  As a result, the public record involving the 858 Patent is clear—the patent owner, adidas, has accepted that the broadest reasonable interpretation of "route path" is "a predetermined path," distinguished prior art based on that interpretation, and therefore disclaimed any broader interpretation of the term.

## IV.     CONCLUSION

For the reasons set forth above, Under Armour respectfully requests that the Court modify its claim construction order and adopt a construction of the term "route path" (for the 858 Patent) specifying that it is a "predetermined path."

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Brian E. Ferguson                       By:   /s/ David E. Moore
Anish Desai                                   Richard L. Horwitz (#2246)
Robert T. Vlasis                              David E. Moore (#3983)
David M. DesRosier                            Bindu A. Palapura (#5370)
Christopher Marando                           Stephanie E. O'Byrne (#4446)
Sutton W. Ansley                              Hercules Plaza, 6th Floor
Zachary Garthe                                1313 N. Market Street
Stephen Bosco                                 Wilmington, DE  19801
WEIL GOTSHAL & MANGES, LLP                    Tel:  (302) 984-6000
1300 Eye Street, N.W., Suite 900              rhorwitz@potteranderson.com
Washington, D.C. 20005                        dmoore@potteranderson.com
Tel:  (202) 682-7000                          bpalapura@potteraderson.com
                                              sobyrne@potteranderson.com
Dated:  October 22, 2015
1207249 / 41293                         Attorneys for Defendants Under Armour, Inc.
                                        and MapMyFitness, Inc.

17